# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JOYCE BOOKSHESTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16 C 9529 |
| | ) | |
| THOMAS E. PRICE, M.D., in his official capacity as Secretary, United States Department of Health and Human Services, | ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Secretary of the Department of Health and Human Services' motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

## BACKGROUND

Plaintiff Joyce Bookshester (Bookshester) contends that she suffers from diabetes and that Defendant denied her Medicare claim for supplies for her continuous glucose monitor (CGM). Bookshester pursued an administrative appeal and on August 8, 2016, the Medicare Appeals Council denied the appeal. Bookshester filed the instant action, seeking a review of the final decision of

1

Defendant. Bookshester includes in her complaint claims seeking judicial review under the Administrative Procedures Act (APA), 5 U.S.C. § 701 *et seq.* (Counts I-VI), and a mandamus claim (Count VII). Defendant now moves to dismiss the instant action for lack of jurisdiction, and failure to state a valid claim.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) (Rule 12(b)(1)) requires a court to dismiss an action when it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), the court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff"). When subject matter jurisdiction is not apparent on the face of the complaint and is contested, "the district court may properly look beyond the jurisdictional allegations of the complaint . . . to determine whether in fact subject matter jurisdiction exists." *Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir. 1999)(internal quotations omitted)(quoting *United Transportation Union v. Gateway Western Railway Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996)). The burden of proof in regards to a Rule 12(b)(1) motion is on the party asserting that the court has subject matter jurisdiction. *Id.*

In ruling on a motion to dismiss brought pursuant Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most

2

favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

Defendant argues that this court lacks subject matter jurisdiction over the claims in Counts I through VI, and that the remaining mandamus claim is either moot or should be dismissed for failure to state a valid claim.

I. APA Claims (Counts I-VI)

Defendant argues that Bookshester failed to exhaust her administrative remedies for most of her APA claims, and that the only claim that she did exhaust does not meet the amount in controversy requirement.

A. Exhaustion of Administrative Remedies

Defendant contends that Bookshester only exhausted her administrative remedies in regard to a claim involving the disposable sensors used with the CGM. A Medicare claimant is required to exhaust her "administrative remedies by obtaining a final decision of the Secretary before they can present a claim for judicial review." *Martin v. Shalala*, 63 F.3d 497, 503 (7th Cir. 1995); *see also* 42 U.S.C. § 405(g); 1395ff(b)(1)(explaining administrative exhaustion); *Michael Reese Hosp. & Med. Ctr. v. Thompson*, 427 F.3d 436, 440-41 (7th Cir. 2005)(holding that a provision "incorporated into the Medicare Act . . . has been held to preclude federal question jurisdiction unless the Medicare program's administrative review process has been exhausted"). The administrative record confirms that Bookshester pursued administrative remedies only in regard to the disposable sensors and not in regard to the whole CGM system. (AR 3-16, 416-19, 1156-1169, 1377-1383). It was clear from the decision of the administrative law judge (ALJ) that the sole claim being pursued related to the disposable sensors. The ALJ specifically stated that the issue presented concerned "Medicare coverage for the disposable senors for a" CGM system. (AR 1157). The Appeals Council also made clear the limited scope of

4

appeal, stating that the ALJ issued a decision concerning "Medicare coverage of disposable sensors . . . for use with a" CGM system, that the "items at issue [were] 28 units of disposable sensors," and that "no other components for the GCM System" were at issue, "except the sensors." (AR 3, 7). The court notes that Bookshester also pursued administrative remedies relating to an OmniPod Insulin Management System that is not the subject of the complaint in the instant action. (AR 7, 1157).

Bookshester argues that the exhaustion requirement should be waived and makes a vague reference to the futility of administrative remedies. (Resp. 10). Bookshester, however, has not shown that such remedies would have been futile or shown that she was prevented from pursuing her administrative remedies for all the APA claims she presented in her complaint. Bookshester has not provided a sufficient justification for her failure to pursue the entire GCM system during the administrative appeal process. The Seventh Circuit has emphasized that "[t]he exhaustion requirement serves an important purpose, preventing the premature interference with agency processes so that the agency can function efficiently and can correct its own errors, as well as affording the parties and the courts the benefit of the agency's experience and expertise and compiling a record which is adequate for judicial review." *Michael Reese Hosp. & Med. Ctr.*, 427 F.3d at 441; *Martin*, 63 F.3d at 504 (explaining exhaustion can be waived in certain instances such as when it would be futile, if it was collateral to the benefits claim, and irreparable harm would result). BookShester chose not to pursue administrative remedies concerning the entire GCM system and cannot now circumvent that process by pursuing

5

unexhausted claims before this court. Therefore, Defendant's motion to dismiss all APA claims other than the APA claims relating to the disposable sensors, is granted.

### B. Amount in Controversy

Defendant argues that the APA claim premised upon the disposable sensors does not meet the amount in controversy requirement. Pursuant to 42 U.S.C. § 1395ff(b)(1)(E), the amount in controversy for judicial review of Medicare claim is $1,500. *Id.*; *see also* 80 Fed. Reg. 57827 (setting $1,000 threshold for judicial review). In the instant action, Bookshester seeks compensation for the denial of coverage over 28 disposable sensors (Sensors). Defendant contends that the Sensors only cost Bookshester $150. Bookshester contends that Medicare Summary Notice relied upon by Defendant contains hearsay and lacks a foundation. The record shows, however, that Bookshester herself relied upon the Medicare Summary Notice pursuing her claims. (AR 416-19). Bookshester has not pointed to any facts to call into question the validity of the Medical Summary Notice and the court can rely on the document in determining whether the court has jurisdiction to hear her claim. *Sapperstein*, 188 F.3d at 855-56. Even if this court considers the invoice that Bookshester has submitted with her response dated August 23, 2013, the invoice indicates that such charges only amounted to $499. (DE 19-3: 7). This court therefore lacks jurisdiction over the remaining APA claim and Defendant's motion to dismiss the claim is granted. The court notes that Bookshester also has submitted a declaration indicating costs she has incurred after August 2013 and costs she

anticipates in the future. (B Decl. Par. 10-11). Such costs however, do not relate to those that were the basis of her claim, which were those charged on August 23, 2013 (AR 3). She has not exhausted her administrative remedies for such other claims.

II. Mandamus Claim (Count VII)

Defendant argues that mandamus relief is not available for claims brought under the Medicare Act. Bookshester has not cited any controlling precedent indicating that mandamus relief is available for claims brought under the Medicare Act, and the Seventh Circuit has indicated that such relief is not available, particularly for unexhausted claims. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 590 (7th Cir. 2014); *Michael Reese Hosp. & Med. Ctr.*, 427 F.3d at 441. The court also notes that even if mandamus relief was available to Bookshester in this case, it is moot since a final decision has been made by Defendant. In addition, Bookshester has failed to provide sufficient allegations to state a valid mandamus claim. Therefore, Defendant's motion to dismiss the mandamus claim (Count VII) is granted.

## CONCLUSION

Based on the foregoing analysis, Defendant's motion to dismiss is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 20, 2017